JAMES G. FILE *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Street Railway—Passenger—Negligence—Due Care—Burden of Proof—Presumption—Measure of Damages.*

1. The platforms and steps of railway cars are for the purpose of providing safe and convenient means of ingress and egress to and from the cars; and if a passenger unnecessarily stands upon such platforms or steps in a dangerous position, while the car is in motion, and because of so doing is thrown from the car, such passenger is guilty of negligence and cannot recover.

2. The plaintiff having by his declaration charged that his injuries were caused solely by the sudden starting of the car, he is confined to that act of alleged negligence, and he cannot recover unless he so proves by a preponderance of the evidence.

3. Duty of common carrier of passengers and of passenger defined.

4. While the common carrier is held to strict care in the safe transportation of passengers, yet it must be borne in mind that it is by no means an insurer of their safety, but is only responsible for its own negligence in case of injury.

4. Reasonable care would be such care as a man of ordinary prudence would take under similar circumstances to avoid accident. The care should be in proportion to the risk to be incurred in all cases.

5. There arises no presumption of liability on the part of the defendant from the mere fact that the plaintiff was injured. He cannot recover unless he proves to the satisfaction of the jury by a preponderance of the evidence that the injuries to the plaintiff were caused by the negligence of the defendant company. Such negligence is not to be presumed, but must be proved, and the burden of proving it is upon the plaintiff.

6. If the jury is satisfied from the evidence that the defendant was guilty of negligence as charged, yet the plaintiff cannot recover if he himself was guilty of negligence which contributed to the accident in which he was injured. Such contributory negligence of the plaintiff, however, is not to be presumed, and the burden of proving it is upon the defendant unless it otherwise appears from the evidence in the case.

7. The measure of damages in such case is such a sum as will reasonably compensate the plaintiff for his pain and suffering, his loss of time and labor as a result of his injuries, his expenses for medicine and medical attendance incurred by reason of such injuries; and also for any impairment of ability to earn a living in the future that may be disclosed by the evidence.

*(July 2, 1906.)*

LORE, C. J., and PENNEWILL, J., sitting.

*Daniel O. Hastings* and *Robert H. Richards* for plaintiff.

*Walter H. Hayes* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, May Term, 1906.

ACTION ON THE CASE (No. 114, May Term, 1906) to recover damages for personal injuries, alleged to have been occasioned by the negligence of the defendant while plaintiff was in the act of boarding one of the defendant's trolley cars, April 8, 1905, at Fourth and Van Buren Streets in Wilmington.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff, James G. File, to recover from the defendant, The Wilmington City Railway Company, damages for personal injuries alleged to have been caused by the negligence of the defendant company on April 8, 1905, at Fourth and VanBuren Streets in this City. The plaintiff claims that while he was in the act of boarding one of the cars of said company, as a passenger, at the time and place stated, and while he had hold with his left hand of the horizontal hand rail which runs from the outside of the car to the door, standing with one foot on the step of the car and the other on the rear platform, and with a market basket full of groceries on his right arm, the car started with a jerk and so suddenly that he was twisted or thrown to the street with such force that his collar bone was fractured and he was otherwise injured. He claims also that his injuries were of such a character that he suffered much pain, was for several weeks entirely incapacitated from doing manual labor and that his ability to make a living by work is still much impaired.

The plaintiff bases his right to recover upon the negligence of the defendant in starting the car suddenly, without giv-

ing the plaintiff any warning and before he had fully boarded the car and was in a position of safety. This covers substantially the negligence averred, and upon which the plaintiff relies. The defendant company denies that it was guilty of any negligence that caused the injuries to the plaintiff, and insists that the plaintiff was injured, not through any negligence of the company, but by and through the negligence of the plaintiff himself. In other words, the defendant contends that the plaintiff was not thrown from the platform or step of the car because of the sudden starting of the car, but that the plaintiff being on the platform jumped, stepped or fell from the car after it had started and proceeded some two or three car-lengths, and that the injuries which the plaintiff sustained were caused by his own negligence and carelessness in getting off the car while it was in motion.

It is admitted that the defendant is a corporation of the State of Delaware, and that it operated the tracks and car upon which the plaintiff was riding, at the time and place of the accident, and had a right to so operate it.

We decline to instruct you to return a verdict for the defendant.

It is not denied that the defendant was, at the time of the accident, a common carrier of passengers over and along its roadway.

The platforms and steps of railway cars are for the purpose of providing safe and convenient means of ingress and egress to and from the cars; and if a passenger unnecessarily stands upon such platforms or steps in a dangerous position, while the car is in motion, and because of so doing is thrown off the car, such passenger is guilty of negligence and cannot recover.

The plaintiff having by his declaration charged that his injuries were caused solely by the sudden starting of the car, he is confined to that act of alleged negligence, and he cannot recover unless he has proved by a preponderance of the evidence that such injuries were caused by the negligent starting of the car while the plaintiff was in the act of boarding it.

A street railway company, in letting its passengers on and

off its cars, is bound to stop its cars, and wait a reasonable time for the passengers to get on and off, and also to use and exercise all reasonable care to secure the safety of the passengers. What would be, in any particular case, a reasonable time, depends of course upon the conditions existing at the time. While, therefore, the common carrier is held to strict care in the safe transportation of its passengers, yet it must be borne in mind that it is by no means an insurer of their safety, but is only responsible for its own negligence in case of injury. On the other hand, there is a duty resting upon the passenger to act with prudence, and to use the means provided for his safe transportation with reasonable circumspection and care, and if his negligent act contributes to bring about the injury of which he complains, be cannot recover. It is also the duty of the passenger to see that the car has stopped, and that he may safely get on or off, and also to exercise all reasonable care to avoid danger. Reasonable care would be such care as a man of ordinary prudence would take under similar circumstances to avoid accident. The care should be in proportion to the risk to be incurred in all cases.

*Betts vs. Wil. City Ry. Co.*, 3 *Pennewill*, 448; *McAllister vs. Peoples Ry. Co.*, 4 *Pennewill*, 273

The plaintiff in this case bases his right to recover upon the negligence of the defendant company, and necessarily so because there arises no presumption of liability on the part of the defendant from the mere fact that the plaintiff was injured. He cannot recover unless it has been proved to your satisfaction by a preponderance of the evidence that the injuries to the plaintiff were caused by the negligence of the defendant company. Such negligence is not to be presumed, but must be proved, and the burden of proving it is upon the plaintiff.

But even if you shall be satisfied from the evidence that the defendant was guilty of negligence as charged, the plaintiff cannot recover in this action if he himself was guilty of negligence which contributed to the accident in which he was injured. Such contributory negligence of the plaintiff, however, is not to be presum-

ed, and the burden of proving it is upon the defendant unless it otherwise appears from the evidence in the case.

If you believe that the car which the plaintiff was boarding was started so quickly and suddenly as to throw him off and injure him, and shall also believe that the plaintiff was not guilty of any negligence upon his part which contributed to the injury, then your verdict should be for the plaintiff. But if you believe that the plaintiff was upon the platform of the car, and jumped or stepped therefrom while the car was in motion, or fell from the car by and through his own negligence, your verdict should be in favor of the defendant, because the plaintiff cannot recover if his own negligence contributed to his injuries.

If you should find for the plaintiff, your verdict should be for such a sum as will reasonably compensate him for the injuries which he has sustained, including therein his pain and suffering, his loss of time and labor as a result of his injuries, his expenses for medicine and medical attendance incurred by reason of such injuries; and also for any impairment of ability to earn a living in the future that may be disclosed by the evidence.

Verdict for defendant.